UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FERHAT AYDIN,

    Plaintiff,                                           CASE NO.:

vs.

ABSOLUTE PLUMBING LLC, a
Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FERHAT AYDIN (hereinafter "AYDIN"), by and through the undersigned Counsel, and sues the Defendant, ABSOLUTE PLUMBING LLC, a Florida Profit Corporation, and alleges the following:

## JURISDICTION AND VENUE

1.    This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2.    This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

4.    All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

1

## PARTIES

5. At all times material hereto, ABSOLUTE PLUMBING LLC was duly authorized and licensed to do business in Dade County, Florida, with its principal address at 1923 Church Street, West Palm Beach, Florida 33409 wherein it provided and continues to provide plumbing services to commercial, industrial, and residential customers throughout South Florida.

6. At all times material hereto, ABSOLUTE PLUMBING LLC, was a privately held, family-owned company in West Palm Beach, Florida with estimated annual revenue over $5 Million doing business as ABSOLUTE PLUMBING LLC.

7. In the advancement of its business, ABSOLUTE PLUMBING LLC employed at least two (2) employees within the meaning of the FLSA.

8. In the advancement of its business, ABSOLUTE PLUMBING LLC engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

9. In the course and scope of its business, ABSOLUTE PLUMBING LLC had/has many employees who regularly handled, sold, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

10. At all times material hereto, AYDIN was a resident of Palm Beach County, Florida, and was an "employee" of Palm Beach County-based ABSOLUTE PLUMBING LLC as defined by the FLSA.

11. ABSOLUTE PLUMBING LLC controlled AYDIN's duties, hours worked, and compensation.  Accordingly, ABSOLUTE PLUMBING LLC was AYDIN's "employer" as defined by the FLSA.

**GENERAL ALLEGATIONS**

12. Plaintiff AYDIN was initially employed at ABSOLUTE PLUMBING LLC on or about May 20, 2018 as a full-time warehouseman.

13. While his title was technically warehouse manager, Plaintiff AYDIN did not supervise any other employees and his duties and responsibilities on a daily basis included accepting orders and preparing inventory.

14. On or about June 30, 2020, Plaintiff AYDIN's employment with ABSOLUTE PLUMBING LLC, was terminated.

15. Plaintiff AYDIN was paid $18.00 per hour based upon a 40 hour work week during the course of his employment with ABSOLUTE PLUMBING LLC.

16. Plaintiff AYDIN's company set shift was 7am – 4pm five (5) days per week with a half hour lunch each weekday.

17. Instead, Plaintiff AYDIN was directed to work the hours of 6:30am through 6:00pm five (5) days per week from May 20, 2018 through June 30, 2020 with a half hour lunch each weekday.

18. In addition, Plaintiff AYDIN was directed to work two (2) Saturdays per month, for five (5) hours each day.

19. Accordingly, Plaintiff AYDIN, would work fifty-five (55) hours each week from Monday through Friday, plus an additional five hours (5) hours every other Saturday for an average total of fifty-seven and one-half (57 ½) hours per week.

20. For the year, 2018, from May 1, 2018 through December 31, 2018 (32 weeks), with a rate of pay of $18.00 per hour and an average of seventeen and one-half (17 ½) hours per week

of overtime at time and one-half per hour ($27.00 per hour), Plaintiff AYDIN should have been paid an additional $**15,120.00** in overtime benefits.

21.     For the year 2019, from January 1, 2019 through December 31, 2019 (52 weeks), with a rate of pay of $18.00 per hour and an average of seventeen and one-half (17 ½) hours per week of overtime at time and one-half per hour ($27.00 per hour), Plaintiff AYDIN should have been paid an additional $**24,250** in overtime benefits.

22.     For the year 2020, from January 1, 2020 through June 30, 2020 (26 weeks), with a rate of pay of $18.00 per hour and an average of seventeen and one-half (17 ½) hours per week of overtime at time and one-half per hour ($27.00 per hour), Plaintiff AYDIN should have been paid an additional $**12,285.00** in overtime benefits.

23.     From May 20, 2018 through June 30, 2020, at the aforementioned rates of hourly pay, Plaintiff AYDIN should have received a total of **$51,975.00** in additional overtime pay from ABSOLUTE PLUMBING LLC.

24.     Notwithstanding the fact that Plaintiff AYDIN worked more than forty (40) hours per week, ABSOLUTE PLUMBING LLC never properly paid Plaintiff AYDIN for overtime hours.

25.     From May 20, 2018 through June 30, 2020, ABSOLUTE PLUMBING LLC never paid Plaintiff AYDIN time and a half for a single hour of overtime.

26.     ABSOLUTE PLUMBING LLC failed to pay or otherwise withheld from Plaintiff AYDIN his full and proper compensation for the overtime hours he worked from May 20, 2018 through June 30, 2020.

27.     ABSOLUTE PLUMBING LLC knew or otherwise should have known that it was unlawful to not pay an employee for his overtime hours.

28. ABSOLUTE PLUMBING LLC knowingly and willfully refused to pay Plaintiff AYDIN his legally entitled overtime wages.

29. Plaintiff AYDIN has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

30. Plaintiff AYDIN realleges and incorporates the allegations in paragraphs 1 through 29 above as if fully set forth herein.

31. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

32. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

33. ABSOLUTE PLUMBING LLC knowingly and willfully failed to pay Plaintiff AYDIN for overtime hours worked during the entirety of his employment with ABSOLUTE PLUMBING LLC.

34. Plaintiff AYDIN brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) the maximum amount of unpaid overtime wages allowable under the FLSA, and (b) liquidated damages.

35. AYDIN seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, FERHAT AYDIN prays for:

a. That the Court find the AYDIN was an employee of the Defendant, ABSOLUTE PLUMBING LLC, under the FLSA, that ABSOLUTE PLUMBING LLC was in violation of the overtime compensation provisions of the FLSA and that Defendants' violation of the FLSA was and is willful;

b. That the Court award AYDIN overtime compensation for all the previous hours worked over forty (40) hours, that he was not paid at least one and one-half time compensation for in any given week during the past three years to be calculated as the difference between the one and one-half time compensation rate and the regular rate of pay which was paid for hours worked in excess of forty (40), AND liquidated damages of an amount equal to the one and one-half time compensation rate and the regular rate of pay which was paid for hours worked in excess of forty (40); in addition interest on said award pursuant to 216 of the FLSA;

c. Pre- and post-judgment interest as provided by law;

d. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA. AND

e. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff, FERHAT AYDIN, demands a trial by jury on all issues so triable.

Dated February 17, 2021.

    Respectfully submitted,

**Sconzo Law Office, P.A**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email:** joe@sconzolawoffice.com